IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**UNITED STATES OF AMERICA,**

**vs.**                                       Case No. 4:99cr16-RH
                                              Case No. 4:05cv341-RH/WCS

**MARK ANTHONY JONES,**

   **Defendant.**

_____/

### REPORT AND RECOMMENDATION TO DISMISS RULE 60(b) MOTION

Defendant filed a motion to vacate and set aside conviction and sentence, citing Fed.R.Civ.P. 60(b)(6) as authority. Doc. 106. He then filed a motion to strike that motion, and to replace it with his motion for relief of judgment pursuant to Fed.R.Civ.P. 60(b)(6). Docs. 107 and 108. The new motion appears identical to the initial motion with the exception of the last page. Defendant initially asked that his sentence be vacated and the indictment dismissed (doc. 106, p. 26), and now asks that the court grant relief from judgment pursuant to Rule 60(b)(6) (doc. 108, p. 26).

It is recommended that the motion to strike be treated as a motion to amend, and that the Rule 60(b) motion be denied. Regardless of how Defendant phrases his request, he is not entitled to any relief for the reasons set forth below.

Defendant entered a guilty plea to one count of distribution of cocaine base, was sentenced to life imprisonment, and the judgment was affirmed. Doc. 58 (opinion on appeal), and doc. 72 pp. 2-3 (summarizing history). Defendant filed a 28 U.S.C. § 2255 motion which was denied. Docs. 72, 75 and 76 (report and recommendation, order, and judgment denying relief). This court granted a certificate of appealability on one issue of ineffective assistance of counsel. Doc. 79. The Eleventh Circuit affirmed the denial of Defendant's § 2255 motion. Doc. 105.

Defendant now asserts that this court lacked jurisdiction to convict and sentence him because cocaine base, or crack cocaine, was a new drug which had never been properly scheduled as a controlled substance. Doc. 108, pp. 1-14. He asserts that in failing to follow the statutory scheduling process Congress denied due process and equal protection. *Id.*, pp. 14, 23-26. He asserts that references to cocaine base in § 841(b)(1) are void for vagueness. *Id.*, pp. 14-17. It is clear from his arguments that Defendant seeks relief from the judgment imposing sentence. Such relief is not available. "Rule 60(b) simply does not provide for relief from judgment in a criminal case." United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998); United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (quoting Mosavi).

As Defendant has already been denied § 2255 relief, he must obtain authorization from the Eleventh Circuit before filing a second or successive § 2255 motion. § 2255 (referencing § 2244); § 2255 Rule 9 (amended effective December 1, 2004) ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8.").

To the extent Defendant's Rule 60(b) motion could be construed as seeking relief from the judgment denying § 2255 relief, it should be summarily dismissed.  In this context, a purported Rule 60(b) motion containing one or more "claims" for relief from the judgment of conviction – whether a change in substantive law governing the claim, a new ground for relief, or challenging the prior resolution on the merits – is in substance a successive petition and should be treated accordingly.  See Gonzalez v. Crosby, 545 U.S. __, 125 S.Ct. 2641, 2647-48, 162 L.Ed.2d 480 (2005) (applying this rationale in the context of a Rule 60(b) motion seeking relief from a 28 U.S.C. § 2254 judgment) (citations omitted).[1]

Defendant Jones has clearly raised "claims" for relief from his conviction and sentence, rather than asserting some defect in the prior § 2255 proceedings.  As this is essentially a second or successive § 2255 petition, and authorization for filing has not been granted, this court lacks jurisdiction to consider it.  Hubbard v. Campbell, 379 F.3d 1245, 1246 (11th Cir.), cert. denied, 125 S.Ct. 15 (2004) (district court lacked jurisdiction to entertain second or successive petition as petition had not obtained authorization for filing it); Hill v. Hopper, 112 F.3d 1088 (11th Cir.1997), cert. denied, 520 U.S. 120

---

[1] The Eleventh Circuit's opinion (before the Court in that case) had addressed claims brought by two § 2254 petitioners (Gonzalez and Mobley) and one § 2255 movant (Lazo), and noted no material difference between § § 2254 and 2255 for purposes of Rule 60.  Gonzalez v. Secretary for Dept. Of Corrections, 366 F.3d 1253, 1262 (11th Cir. 2004) ("[w]hat we say in this opinion about certificates of appealability and Rule 60(b) motions as they relate to § 2254 proceedings applies equally to § 2255 proceedings, and vice versa.").  Lazo, the only § 2255 movant, apparently did not seek certiorari, and certiorari was denied without opinion as to Mobley.  Mobley v. Schofield, 545 U.S. __, 125 S.Ct. 965, 160 L.Ed.2d 902  (Mem) (2005).  In deciding the case as to Gonzalez, the Supreme Court expressly limited its opinion to the application of Rule 60 in habeas proceedings under 28 U.S.C. § 2254.  Gonzalez, 125 S.Ct. at 2646, n. 3.

Case Nos. 4:99cr16-RH and 4:05cv341-RH/WCS

(1997) (same); Boone v. Sec'y, Dept. of Corr., 377 F.3d 1315, 1316-17 (11th Cir. 2004) (Rule 60(b) (district court lacked jurisdiction to consider Rule 60(b) motion, which was designed to reopen prior habeas corpus judgment based on intervening law and was a second or successive motion). *See also* Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), *cert. denied*, 538 U.S. 984 (2003) (once the district court recognized that petition was "second or successive," it lacked jurisdiction to consider it).

Finally, even aside from the successive nature of the motion, it appears that Defendant would not be entitled to relief.  *See* United States v. Carlson, 87 F.3d 440, 444-446 (11th Cir.1996), *cert. denied,* 522 U.S. 895 (1997) (challenge to scheduling of a controlled substance by the DEA could not be raised in a criminal case; retrying the agency decision in the criminal case would introduce confusion, the agency itself was not a party, and there existed an avenue for overturning the scheduling decision under 28 U.S.C. § 811(a)); United States v. Sloan, 97 F.3d 1378, 1380-83 (11th Cir.1996), *cert. denied*, 520 U.S. 1277 (1997) (discussing the chemical properties of cocaine hydrochloride – powder cocaine – with the properties of cocaine base; in enacting clause (iii) in 1986 Congress intended to single out cocaine base from other cocaine related substances for harsher treatment); United States v. Manzueta, 167 F.3d 92, 93-94 (1st Cir. 1999) (rejecting argument that cocaine base had never been scheduled as a controlled substance; cocaine base falls within the statutory definition of cocaine, which has been listed as a controlled substance since the original Controlled Substances Act was passed in 1970) (citing Sloan, other citations omitted); Sanders v. United States, 237 F.3d 184, 185 (2d Cir.), *cert. denied,* 532 U.S. 1000 (2001) (same,

citing Manzueta, other citations omitted).  The court does not decide, however, because authorization for filing a second or successive § 2255 motion has not been granted.

It is therefore respectfully **RECOMMENDED** that Defendant's motion to strike (doc. 107) be **GRANTED** as a motion to amend, and that the initial and amended motions for relief (docs. 106 and 108) be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 20, 2005.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**