IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


UNITED STATES OF AMERICA,

vs.                                                   Case No. 4:99cr16-RH
                                                                           Case No. 4:11cv18-RH/WCS

MARK ANTHONY JONES,

        Defendant.
_____/


## REPORT AND RECOMMENDATION TO DISMISS PETITION

Defendant Jones filed a pro se petition for writ of audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651. Doc. 125. As previously noted, Defendant was denied relief under 28 U.S.C. § 2255, and denied authorization to file a second or successive § 2255 motion. Doc. 126 (order, incorporated by reference). I also noted that Defendant sought relief in part based on Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010), which had been vacated, rehearing *en banc* granted, and was (at that time) still pending on rehearing. Doc. 125, pp. 1-2.

The Government filed a response. Doc. 129. Defendant filed a reply and notice of filing supplemental authorities. Docs. 130 and 131.

Defendant seeks the extraordinary remedy afforded by audita querela or coram nobis, claiming he has no other remedies. Doc. 125, pp. 1-2. He asserts that the amendment of the crack cocaine statute warrants such relief, and that the amended statute should apply retroactively under case law, and in light of the submission of a bill in the House of Representatives to pass the Fair Sentencing Clarification Act. *Id.*, pp. 5-11 and attachment (copy of the bill) (doc. 125-1 at pp. 20-23 in ECF) (Electronic Case Filing). *See also* doc. 130. Defendant also claims entitlement to relief under United States v. O'Brien and Burgess, 130 S.Ct. 2169, 176 L.Ed.2d 979 (2010). Doc. 125, pp. 12-16. He asserts actual innocence of his § 841(b)(1)(A) sentence as drug quantity was not determined beyond a reasonable doubt by a jury. *Id.*, pp. 16-17. He asserts that upon resentencing, he should not be sentenced as a career offender. *Id.*, p. 17.[1]

"[A] writ of audita querela may not be granted when relief is cognizable under § 2255" " United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005). In Holt, because the defendant was collaterally attacking his sentence as unconstitutional, § 2255 was the proper avenue of relief and the court could construe the pro se motion as a § 2255 motion. *Id.*, at 1175. But before a second or successive motion is filed, the petitioner must obtain authorization from the court of appeals. *Id.*, citing § 2255 and § 2244(b)(3)(A); *see also* § 2255 Rule 9. Absent such authorization, the district court lacked jurisdiction. *Id.*

---

[1] Defendant filed a motion to reduce his sentence under Amendment 706 which was denied as he was sentenced to the mandatory minimum under the statute. Doc. 124 (order of July 21, 2009). The court also noted that "had it not been for the minimum mandatory, Mr. Jones's guideline range would have been determined under the career-offender guideline, not the crack-cocaine guideline that was revised by Amendment 706," also making him ineligible for a sentence reduction." *Id.*, pp. 1-2 (citation omitted).

This Defendant is in custody, and "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," claims which are raised by § 2255 motion. 28 U.S.C. § 2255(a). Under certain circumstances, a second or successive § 2255 motion may be filed. § 2255(h).

Further, if "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention," then Petitioner could proceed by filing a petition for writ of habeas corpus. § 2255(e). Indeed, the vacated Gilbert opinion (relied upon by Defendant) found the defendant, under the savings clause, was entitled to raise a previously unavailable challenge to application of the United States Sentencing Guidelines at sentencing. On rehearing *en banc*, however, it was determined that "the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." Gilbert v. United States 640 F.3d 1293, 1323 (11th Cir. 2011). The court did not decide whether "the savings clause in § 2255(e) would permit a prisoner to bring a § 2241 petition claiming that he was sentenced to a term of imprisonment exceeding the statutory maximum." *Id*.

> The statutory amendment at issue is the Fair Sentencing Act of 2010 (FSA).
>
> The FSA, signed into law on August 3, 2010, changes to the crack-to-powder ratios from 100:1 to about 18:1. *See* Pub. L. No 111-220, 124 Stat. 2372. The Act amends the sentencing provisions in 21 U.S.C. §

841(b)(1) by raising from 50 grams to 280 grams the amount of crack necessary to trigger the 10-year mandatory minimum sentence, and raising the amount from 5 to 28 grams necessary to trigger the 5-year minimum. *Id.* § 2(a)(1)-(2).

United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010), *cert. denied*, 131 S.Ct. 1833 (2011).

In this circuit the FSA applies to defendants who committed crack cocaine offenses before its enactment (on August 3, 2010), even if they were sentenced after its enactment. United States v. Vera Rojas, 645 F.3d 1234, 1237-40 (11th Cir. 2011). [T]he necessary and fair implication of the FSA is that Congress intended the Act to apply to all sentencings going *forward* . . . ." *Id.*, at 1239 (emphasis added). It does not apply to a defendant sentenced before the effective date of the FSA. *Id.*, at 1237 (distinguishing Gomes).[2] The Eleventh Circuit agreed with other circuits that, "absent further legislative action directing otherwise, the general savings statute [1 U.S.C. § 109] prevents a defendant who was sentenced prior to the enactment of the FSA from benefitting from retroactive application." *Id.*, at 1238.

In addition to changing the statutory penalties, the FSA also directed the United States Sentencing Commission to review and amend the Sentencing Guidelines to conform with the FSA. Pub. L. No 111-220, 124 Stat. 2372, §§ 5-8. The Commission voted to apply the guidelines amendment retroactively. *See* http://www.ussc.gov/Legislative_and_Public_Affairs/, press release of June 30, 2011.

---

[2] The court said "*Gomes* does not apply here. The record reveals that Gomes was indicted in July 2009 and sentenced in March 2010 – nearly five months before the FSA was signed into law. The issue before the Court therefore was whether the FSA applied retroactively to lighten the defendant's *existing* sentence." *Id.*, at 1237 (emphasis in original).

Case Nos. 4:99cr16-RH and 4:11cv18-RH/WCS

The permanent amendment implementing the FSA and the retroactivity provision will be effective November 1, 2011, absent contrary action by Congress.  The Sentencing Commission cannot, however, make the statutory changes of the FSA retroactive.  If a retroactive amendment to the sentencing guidelines lowers Defendant's term of imprisonment, he can file a motion for modification of sentence.  18 U.S.C. § 3582(c)(2).

Defendant cites the Fair Sentencing Clarification Act of 2010, but it has not become law.  Most recently, on August 25, 2011, the House Committee on the Judiciary referred it to the Subcommittee on Crime, Terrorism, and Homeland Security.[3]  If and when it or a similar law is passed, Defendant is not without remedy as the bill contains a provision allowing a defendant to file a motion for sentence reduction.  *See supra*, n. 3.

Defendant's claim that the drug quantity was not proven to a jury beyond a reasonable doubt, and reliance on O'Brien and Burgess, is essentially an Apprendi claim.  Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).  Defendant argued on appeal that his indictment failed to allege the type or quantity of drugs involved under Apprendi, an issue subject to plain error review because it was not raised at sentencing.  Doc. 58 (opinion on appeal), p. 2 (p. 3 in ECF).  The court found that by pleading guilty to count three, Defendant pleaded guilty to distributing at least 50 grams of cocaine base.  *Id.*, p. 3 (p. 4 in ECF).  "According to the factual basis of his

---

[3] *See* http://www.govtrack.us/congress/bill.xpd?bill=h112-2316.  There is a link to the bill as submitted to the House for consideration on June 23, 2011, and is the latest version of the bill available on that site.  Defendant has provided a copy which appears to be an older version.  Doc. 125-1, pp. 20-23 in ECF. The Act authorizes the sentencing court to reduce the term of imprisonment for a defendant sentenced prior to the FSA's enactment, and sentenced pursuant to, inter alia, 21 U.S.C. § 841(b)(1)(A)(iii) or 841(b)(1)(B)(iii).  Reduction is authorized on motion of the defendant, the Director of the Bureau of Prisons, or on the court's own motion.

plea agreement, Jones was involved with 104.6 grams of cocaine, and at his plea hearing, Jones testified that the amounts set forth in the statement of facts were accurate." *Id.*[4]

Moreover, "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" Blakely v. Washington, 542 U.S. 296, 303, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004) (emphasis in original, citations omitted). Here Defendant pleaded guilty pursuant to a plea agreement, and admitted under oath to a quantify of crack cocaine in excess of 50 grams. His citation to a case applying Apprendi under different facts and a different statute[5] does not change the result already reached on appeal.

Defendant has not demonstrated entitlement to relief by writ of audita querela or otherwise, and the petition should be summarily dismissed. To the extent that it is necessary a certificate of appealability should not issue,[6] and leave to proceed in forma pauperis on appeal should be denied.

---

[4] Defendant's § 2255 claim, that counsel was ineffective for failing to object to sentencing on the basis of 50 grams of crack cocaine, was also rejected. Doc. 70 (report and recommendation), pp. 13-15, as adopted by the court in doc. 75.

[5] In O'Brien and Burgess, the Court determined that the use of a machine gun, raising the mandatory minimum from five to thirty years, was an element for Apprendi purposes rather than a sentencing factor.

[6] The court must issue or deny a certificate of appealability when it enters a final order adverse to a § 2255 movant. § 2255 Rule 11(a); *see also* Fed.R.App.P. 22(b) (requiring that, if the movant appeals, the clerk send any certificate and statement made under Rule 11(a) along with the notice of appeal to the court of appeals).

Case Nos. 4:99cr16-RH and 4:11cv18-RH/WCS

It is therefore respectfully **RECOMMENDED** that the petition for writ of audita querela (doc. 125) be summarily **DENIED**, that leave to appeal in forma pauperis be **DENIED**, and (if and to the extent it may be required) a certificate of appealability also be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 31, 2011.


 S/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**